1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   TORRIE GIDGET CARTER, et al.,          No. 2:15-CV-2263-JAM-CMK
12               Plaintiffs,
13        vs.                               FINDINGS AND RECOMMENDATIONS
14   UNITED STATES BANKRUPTCY
     COURT, et al.,
15
                 Defendants.
16
     _____/
17
18          Plaintiffs, who are proceeding pro se, bring this civil action.  Pending before the
19   court is defendants' unopposed motion to dismiss (Doc. 4).
20          Plaintiffs initiated this action in the Butte County Superior Court against the
21   United States Bankruptcy Court, Bankruptcy Judge Christopher Klein, and Bankruptcy
22   Trustee John Regar ("federal defendants"), as well as the California State Board of Equalization.
23   Following dismissal of Regar by the state court, the remaining federal defendants removed the
24   case to this court pursuant to 28 U.S.C. § 1442(a)(1) and now seek dismissal from the action.
25   / / /
26   / / /

1

1    At the outset, the court observes that it is virtually impossible to discern the bases

2    of plaintiffs' claims in this case because the complaint fails to satisfy Federal Rule of Civil

3    Procedure 8.  The Federal Rules of Civil Procedure require that complaints contain a ". . . short

4    and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

5    8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v.

6    Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  Plaintiffs' 105-

7    page complaint fails to satisfy this standard.

8    Though the complaint is far from a model of clarity, it appears that plaintiffs'

9    claims arise from plaintiffs' bankruptcy proceedings, which began in April 2012 and concluded

10   in March 2015.  Plaintiffs' case was assigned to defendant Bankruptcy Judge Klein.  Judges are

11   absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

12   courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This

13   immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an

14   act that is not judicial in nature.  See id.  Judges retain their immunity even when they are

15   accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per

16   curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting

17   in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Judicial immunity

18   applies to Bankruptcy Court judges.  See Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada,

19   828 F.2d 1385 (9th Cir. 1987).

20   The court agrees with the moving defendants that plaintiffs' complaint fails to

21   pierce the shield of judicial immunity.  Specifically, plaintiffs have not pleaded any facts

22   indicating that Judge Klein acted in the clear absence of all jurisdiction or acted in a way that was

23   not judicial in nature.  To the contrary, as best as can be gleaned from the complaint, all of the

24   allegations against Judge Klein arise from his handling of plaintiffs' bankruptcy case.  Judge

25   Klein should be dismissed with prejudice.

26   / / /

1    The moving defendants also argue that the court lacks jurisdiction to entertain any

2  claims against the United States Bankruptcy Court.[1]  The court agrees.  Plaintiffs appear to

3  present three categories of claims against the United States – breach-of-contract claims, tort

4  claims, and non-tort claims.  As to breach-of-contract claims, defendants correctly note that such

5  claims may only be brought in the Court of Federal Claims where, as here, the amount sought

6  exceeds $10,000.00.  See 28 U.S.C. § 1491; Tritz v. U.S. Postal Service, 721 F.3d 1133 (9th Cir.

7  2013).  As to non-tort claims (e.g., claims based on alleged constitutional violations, claims of

8  treason, etc.), the United States has not waived its sovereign immunity.  See FDIC v. Meyer, 510

9  U.S. 471 (1994); see also Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694 (9th Cir. 1981).

10  Finally, as to plaintiffs' claims which appear to sound in tort law, plaintiffs have not alleged

11  compliance with the Federal Tort Claims Act, which is a prerequisite for the limited waiver of

12  the United States' sovereign immunity to apply.  See Munns v. Kerry, 782 F.3d 402 (9th Cir.

13  2015).

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  _____

25  [1]    As against the United States Bankruptcy Court, plaintiffs' claims necessarily fail because the United States' sovereign immunity applies to federal agencies.  See Hodge v. Dalton, 107 F.3d 705 (9th Cir. 1997).  Plaintiffs' claims, therefore, will be construed as against the

26  United States.  See Wright v. Gregg, 685 F.2d 340 (9th Cir. 1992).

Based on the foregoing, the undersigned recommends that:

1.      Defendants' unopposed motion to dismiss (Doc. 4) be granted; and

2.      Judge Klein and the United States be dismissed, with prejudice, as defendants to this action, which shall proceed as against the California State Board of Equalization as the only remaining defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 20, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE